UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHEMEKIA ROBSHAW, </br></br>   Plaintiff </br></br>v. </br></br>CAROLYN W. COLVIN, </br>*Acting Commissioner of Social Security,* </br></br>   Defendant | )</br>)</br>)</br>)</br>)</br>)  No. 1:14-cv-281-JHR</br>)</br>)</br>)</br>)</br>)</br>) |

### MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the administrative law judge failed to supply a supportable rationale for rejecting a functional assessment conducted by physical therapist Ann Covey and neglected to address a finding by treating physician's assistant Dale Marquis that she could not lift more than five pounds. *See* Plaintiff's Itemized Statement of Errors ("Statement of

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 10, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 18.

1

Errors") (ECF No. 11) at 3-7.[2]  I find no reversible error.  Accordingly, I affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2008, Finding 1, Record at 17; that she had severe impairments of degenerative disc disease of the lumbar spine, fibromyalgia, obesity, vertigo, and sleep apnea, Finding 3, *id*. 18; that she had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she could only lift and carry 10 pounds occasionally and lesser amounts frequently, sit for six hours in an eight-hour workday, and stand and walk for two hours in an eight-hour workday, could not climb ladders, ropes, or scaffolds, could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, and push or pull with her left lower extremity, could reach, feel, finger, and handle frequently but not constantly, needed to avoid even moderate exposure to fumes, dust, odors, gases, and poor ventilation, needed to avoid work at unprotected heights, and could understand, remember, and carry out simple, repetitive instructions and persist at that level of complexity for eight hours a day, five days a week consistently (due to pain, not depression), Finding 5, *id*. at 20; that, considering her age (29 years old, defined as a younger

---

[2] At oral argument, the plaintiff's counsel withdrew a third point of error, that the administrative law judge had ignored the plaintiff's right shoulder condition.  *See* Statement of Errors at 7-9.  He also raised new points: that the administrative law judge erred in evaluating the plaintiff's fibromyalgia and in failing to explain the weight given to the opinions of two agency nonexamining consultants, Donald Trumbull, M.D., and Richard T. Chamberlin, M.D.  As counsel for the commissioner rejoined, these points, which were not included in the statement of errors, are waived.  *See, e.g., Farrin v. Barnhart,* No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

individual, on her alleged disability onset date, September 1, 2008), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 23; and that she, therefore, had not been disabled from September 1, 2008, through the date of the decision, March 8, 2013, Finding 11, *id.* at 24.  The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Rejection of KEY Functional Assessment

Physical Therapist Covey completed a report dated May 4, 2011, of a KEY Functional Assessment ("KEY Report") in which she indicated, *inter alia*, that the plaintiff was capable of a five- to six-hour workday and of sitting for five hours in 60-minute durations, standing for three to four hours in 30-minute durations, and walking for two to three hours for occasional, moderate distances. *See* Record at 643. She stated that the assessment was a valid representation of the plaintiff's physical capabilities "based upon consistencies and inconsistencies when interfacing grip dynamometer graphing, resistance dynamometer graphing, heart rate variations, weights achieved, and selectivity of pain reports and pain behaviors." *Id*. at 637. She noted that the plaintiff had been "demonstrating full effort." *Id*. (boldface omitted).

The administrative law judge accorded the KEY Report "some weight" but rejected its limitation to a five- to six-hour workday, stating:

> [T]he limitation[] for a 5 to 6 hour workday is inconsistent with the sit, stand and walk statements, which indicate the [plaintiff] could work an 8-hour workday. Furthermore, the [plaintiff] testified that she could sit for 2 hours at a time, before she has to get up and move, thus she could move around during routine breaks and at lunchtime. In addition, it should be noted that this assessment is a Key Functional Assessment, not a Functional Capacity Assessment, and is based on a computer program, which takes into account many factors that we do not consider for social security purposes, such as factoring in the length of time one has been out of work when determining work capacity. Accordingly, the results of this assessment are accorded little weight.

*Id.* at 22.

The plaintiff challenges the validity of each of these rationales, arguing that the administrative law judge:

    1.    Wrongly assumed that Covey's separate sitting, standing, and walking limitations were not overlapping and simply added them up to find the plaintiff capable of working an eight-

hour workday, in contradiction of Covey's further statement that she could work only a five- to six-hour workday.  *See* Statement of Errors at 4;

    2.    Relied on a misunderstanding or misquotation of the plaintiff's testimony that she could not sit for long periods of time and got uncomfortable "after an hour or two[,]" at which point she needed to stretch or move around.  *Id*.; and

    3.    Attacked the KEY Report on the indefensible, unsupported, and/or "nonsensical" bases that it takes into account factors not relevant to Social Security analysis, was prepared with the aid of a computer program, and is not a functional capacity assessment.  *Id*. at 4-5.

She adds that the administrative law judge, as a layperson, could not properly interpret the report without the assistance of a medical expert.  *See id*. at 5.  She notes that Dr. Chamberlin did not see the KEY Report.  *See id*. at 5 n.5.  She acknowledges that Dr. Trumbull did, but asserts that the administrative law judge did not rely on his opinion (which assessed no limitations).  *See id*. at 5-6, 78-79.  She argues that, in any event, any reliance on the Trumbull opinion would have been misplaced in that he incorrectly rejected the KEY Report on the bases that it relied heavily on the plaintiff's subjective statements and involved an issue reserved to the commissioner.  *See id*.

In her brief and through counsel at oral argument, the commissioner disavowed reliance on the administrative law judge's third rationale for rejecting the KEY Report, conceding, for example, that it is not apparent from the record what additional factors the KEY Report employs. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 13) at 2 n.1.  However, she contended that any error is harmless because the rejection of the workday limitation is otherwise supported by substantial evidence.  I agree.

Covey, a physical therapist, is not an "acceptable medical source" for purposes of establishing the existence of a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). However, "[i]n addition to evidence from the acceptable medical sources listed in paragraph (a) . . ., [the commissioner] may also use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work." *Id.* §§ 404.1513(d), 416.913(d). Social Security Ruling 06-03p ("SSR 06-03p") provides, in relevant part:

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2014), at 333.

The administrative law judge's handling of the KEY Report met this standard. She explained the weight that she had given the report and why. Moreover, although SSR 06-03p, in contrast to regulations pertaining to the handling of treating source opinions, does not require that an adjudicator articulate "good reasons" for the rejection of an "other source's" opinion, *compare id. with* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), the administrative law judge did that as well.

As the commissioner argues, *see* Opposition at 3, nothing in the KEY Report makes clear that it must be read as setting forth overlapping sitting, standing, and walking capacities. Covey

6

never explained that this was the case: she simply set forth a separate workday limitation and separate sitting, standing, and walking limitations. *See* Record at 643. The administrative law judge, hence, permissibly construed the report as internally inconsistent.[3]

Nor did the administrative law judge misunderstand the plaintiff's testimony. The plaintiff testified that she became uncomfortable sitting "probably after a[n] hour or two[,]" following which, to help with her discomfort, "I switch stretching and moving around, and depending where I am, I can probably get up, and like you know I probably get up and move around in some place, if not I try to mobile [sic] with moving around." *Id*. at 49. As the commissioner observes, *see* Opposition at 6, RFC is "the *most* [a claimant] can still do despite [her] limitations[,]" 20 C.F.R. §§ 404.1545(a)(1), 416.945(a) (emphasis added). The administrative law judge permissibly found, per the plaintiff's testimony, that she could sit for two hours at a time, at which point she needed a break to move about. This was consistent with a capacity to work an eight-hour workday, as defined by the commissioner. *See, e.g., Baker v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00167-JAW, 2011 WL 1298694, at *4 (D. Me. Mar. 31, 2011) (rec. dec., *aff'd* Apr. 19, 2011) ("According to the Commissioner's regulations, it is assumed that most jobs permit a morning, lunch, and afternoon break, in roughly two-hour intervals[.]").

As the commissioner contends, *see* Opposition at 6, the administrative law judge did not exceed the bounds of her competence as a layperson in deciding, as part of her resolution of

---

[3] At oral argument, the plaintiff's counsel contended that the administrative law judge had failed to "consider," or give "consideration" to, the KEY Report, as required by SSR 06-03p. He asserted that, per his research, the word "consider" means "to think about something carefully," and the word "consideration" means "careful thought." He contended that nothing in the administrative law judge's handling of the KEY Report indicates that she did so here. He argued, for example, that her characterization of the report's sit/stand/walk findings was not only incorrect but also impermissible, in that those capacities clearly are subsumed within the overarching initial finding of a capacity to work only a five- to six-hour workday. This argument, while logical, is unpersuasive. As discussed above, in the absence of any explanation by Covey, one could equally reasonably perceive an inconsistency between the total workday and sit/stand/walk figures and accept the latter figures as controlling.

conflicts in the medical opinion evidence, to credit the KEY Report only in part, *see, e.g., Murphy v. Astrue*, No. 2:11-cv-241-NT, 2012 WL 1067683, at *4 (D. Me. Mar. 29, 2012) (rec. dec., *aff'd* Apr. 24, 2012) ("It is the role of the administrative law judge to choose which evidence upon which to rely and which to reject."). Thus, she did not require expert assistance in assessing it. That Dr. Chamberlin did not see the report, and Dr. Trumbull dismissed it on assertedly impermissible bases, accordingly is irrelevant.[4]

### B. Failure To Address Marquis Opinion

The plaintiff next complains that the administrative law judge failed to address an opinion contained in an October 20, 2011, note of treating physician's assistant Marquis that she was to avoid lifting anything greater than five pounds. *See* Statement of Errors at 7; Record at 879. She cites several cases, including four from this court, for the proposition that an administrative law judge's failure to mention or discuss a significant opinion contradicting his or her findings as to a claimant's limitations is reversible error. *See* Statement of Errors at 7 (citing *Libby v. Astrue*, No. 2:10-cv-265-GZS, 2011 WL 2531152, at *3 (D. Me. June 24, 2011) (rec. dec., *aff'd* July 21, 2011); *Harthorne v. Astrue*, Civil No. 08-120-B-W, 2008 WL 4937806, at *5 (D. Me. Nov. 16, 2008) (rec. dec., *aff'd* Dec. 8, 2008); *Ambrose v. Astrue*, No. 07-84-B-W, 2008 WL 648957, at *5 (D. Me. Mar. 5, 2008) (rec. dec., *aff'd* Mar. 26, 2008); *Cogswell v. Barnhart*, No. Civ. 04-171-P-S, 2005 WL 767171, at *3-*4 (D. Me. Mar. 14, 2005) (rec. dec., *aff'd* Apr. 4, 2005)).

---

[4] Moreover, as the commissioner notes, *see* Opposition at 6, the administrative law judge did not assess RFC based on raw medical evidence. She relied on the Chamberlin opinion that the plaintiff was capable of light exertional activities but explained that she further limited her to a sedentary exertional level based on her subjective pain complaints, with additional limitations on concentration. *See* Record at 22-23. The plaintiff raised no timely challenge to the administrative law judge's reliance on the Chamberlin report as substantial evidence of her RFC. *See* Statement of Errors at 3-9. As explained above, while she attempted to do so belatedly at oral argument, the point is waived.

The cited cases, however, are materially distinguishable in that they implicate the so-called "treating physician," or "treating source," rule. *See Libby*, 2011 WL 2531152, at *3; *Harthorne*, 2008 WL 4937806, at *5; *Ambrose*, 2008 WL 648957, at *5; *Cogswell*, 2005 WL 767171, at *3-*4; *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("[The commissioner] will always give good reasons in [her] notice of determination or decision for the weight [she] give[s] [a claimant's] treating source's opinion.").

Like physical therapist Covey, Marquis, a physician's assistant, is not an "acceptable medical source" for purposes of establishing the existence of a medically determinable impairment, *see* 20 C.F.R. §§ 404.1513(a), 416.913(a), but rather an "other source" whose opinions are evaluated in accordance with SSR 06-03p, *see* SSR 06-03p at 333.

As noted above, pursuant to SSR 06-03p, adjudicators "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id*.

As the commissioner observes, *see* Opposition at 7, this court has explained that a decision complies with the requirements of SSR 06-03p when it makes clear that, had the administrative law judge expressly discussed the opinion of an "other source," he or she would have rejected it, *see Gendron v. Colvin*, No. 2:13-cv-00191-JAW, 2014 WL 1513350, at *5 (D. Me. Apr. 16, 2014).

That is the case here. As the administrative law judge noted, *see* Record at 21, the plaintiff testified that she could not lift more than 20 pounds, *see id*. at 48. She also testified that she could lift items such as a gallon of milk, garbage, a laundry basket, and a tote. *See id*. at 49.

In addition, the administrative law judge observed that the KEY Report concluded that the plaintiff could lift 10.4 pounds above shoulder level and that consultative examinations revealed that she was able to lift up to 10 pounds occasionally.  *See id*. at 22.

The administrative law judge explained that she accorded evidentiary weight to the agency nonexamining consultants' opinions (actually, the Chamberlin opinion) that the plaintiff was capable of performing light exertional activities, but that she limited the plaintiff to a sedentary exertional level taking into account her subjective pain complaints.  *See id*. at 22-23.[5]

As the commissioner argues, *see* Opposition at 7-8, the administrative law judge's consideration of the plaintiff's own statements at hearing make clear that she would have rejected the greater limitation set forth by Marquis.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 28th day of June, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[5] Applicable regulations provide that sedentary work involves lifting no more than 10 pounds at a time, *see* 20 C.F.R. §§ 404.1567(a), 416.967(a), while light work involves lifting no more than 20 pounds at a time with frequent lifting of 10 pounds at a time, *see id*. §§ 404.1567(b), 416.967(b).